**In the Matter of SEARCH WARRANTS ISSUED ON JUNE 11, 1988, FOR THE PREMISES OF THREE BUILDINGS AT UNISYS, INCORPORATED.**

Misc. No. 4–88–35.

United States District Court, D. Minnesota, Fourth Division.

April 14, 1989.

Patricia Hirl Longstaff, Patrick J. Schiltz, Faegre & Benson, Minneapolis, Minn., for Cowles Media Co.

Michael J. Vanselow, Oppenheimer, Wolff & Donnelly, St. Paul, Minn., Paula D. Osborn, Oppenheimer, Wolff & Donnelly, Minneapolis, Minn., for Northwest Publications, Inc.

Roger M. Adelman, and Anne L. McGihon, Kirkpatrick & Lockhart, Washington, D.C., and E. Anne McKinsey, Robins, Kaplan, Miller & Ciresi, Minneapolis, Minn., William Hundley, Washington, D.C., Plato Cacheris, Dunnells, Duvall, Bennett & Porter, Washington, D.C., for John Does 1, 2, 3 and 4.

Maury S. Epner, Asst. U.S. Atty., Alexandria, Va., and Richard E. Vosepka, Asst. U.S. Atty., Minneapolis, Minn., for the U.S.

Jerome G. Arnold, U.S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

This matter relates to a search of Minnesota facilities of Unisys, Incorporated, on June 14, 1988. A number of documents relating to the search were ordered sealed by the court. Now before the court are motions to extend the period of sealing for some of those documents.

Warrants for the search were issued by United States Magistrate J. Earl Cudd on June 10 and 11, 1988. On June 16, 1988, upon petition of the government, Magistrate Cudd ordered the search warrants, affidavits, returns, and petition sealed until the close of business on September 14, 1988.

Two publishing companies and four unnamed Unisys employees have intervened in this matter. Cowles Media Company and Northwest Publications, Inc., (publishers) seek disclosure of the sealed documents. The Unisys employees, calling themselves John Does 1, 2, 3, and 4, (Does) oppose disclosure of the documents.

This court ordered the disclosure of portions of the sealed documents on August 17, 1988. That order also sealed Joseph J. Aronica's July 21, 1988 affidavit under the same terms as the other sealed documents.

The court extended the expiration date of the initial sealing order on September 30, 1988, until the close of business on November 30, 1988. The court also ordered the sealing of Aronica's September 7, 1988 affi-

davit under the same terms as the other sealed documents.

On November 29, 1988, the government moved to extend the sealing order indefinitely for certain documents, but withdrew its objection to the unsealing of others. The government submitted under seal Aronica's November 28, 1988 affidavit in support of its motion. The Does then applied for redaction of their names from any disclosed materials and asserted that no documents should be disclosed. On December 30, 1988 and March 7, 1989, the government withdrew its objection to the unsealing of additional documents. On March 7, 1989, the government also filed a renewed motion to extend the sealing order, repeating its earlier, pending motion with regard to the remaining documents.

Magistrate Cudd addressed the applications for extending the sealing period in Reports and Recommendations dated December 30, 1988 and January 30, 1989. The government, the publishers, and Does 1, 2, and 3 each object to portions of the Magistrate's recommendations.[1] Additional briefing was submitted, and a hearing on the objections was held in this court.

The Does oppose the unsealing of any of the documents. They contend that the first amendment does not provide any right of public access to the documents. They assert "it would be inappropriate and indeed violative of applicable law to unseal any portions of these materials." Their arguments, however, address only two types of material contained in the documents: material that identifies them and material obtained through wiretaps.

The Does argue that material which identifies them should be redacted to protect their constitutionally grounded privacy rights. Although they have not seen the sealed documents, they fear that they would unfairly be associated with criminal activity if the documents were made public. They rely on a number of cases in which individuals' privacy rights have been held to prevent their identification in documents which are made public.

Second, they argue that Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520, prohibits disclosure of electronically seized (wiretap) information. They contend that Title III permits the disclosure of wiretap information only in the specific, limited circumstances set forth in 18 U.S.C. § 2517(1)–(3) and that the requirements of those provisions have not been met. The Does also contend that they are entitled to a hearing under 18 U.S.C. § 2518(9)–(10) in which to challenge the legality of the wiretaps through which the information used in obtaining the search warrants involved in this matter was seized.

The government seeks temporary extension of the sealing order for portions of the sealed documents. It asserts that disclosure of these portions will interfere with the continuing criminal investigations relating to this case. The government believes that subjects and targets of the investigation would tailor testimony and destroy evidence in response to the disclosed information. It has submitted under seal Joseph J. Aronica's November 28, 1988 affidavit in support of these contentions.

The government has also responded to the Does. It notes that there may be valid privacy concerns which the court should consider, but it takes no position on the merits of these concerns. It disagrees with the Does' Title III arguments. It argues that the wiretap material has already been legitimately disclosed to the court in the form of search warrant affidavits pursuant to 18 U.S.C. § 2517(2). Once disclosure has been properly made under Title III, it contends, nothing in Title III prevents further dissemination of the material. It suggests that affidavits supporting search warrant applications are normally filed publicly pursuant to Fed.R.Crim.P. 41(g). The government also asserts that the Does may not challenge the legitimacy of the wiretaps

---

1. Although John Doe No. 4 did not object to the Magistrate's recommendations, his position appears to be the same as that of the other Does. Does 1, 2, and 3 merely incorporated and summarized their earlier arguments in their objections. All references to the "Does" hereafter continue to apply to Does 1, 2, 3, and 4.

under 18 U.S.C. § 2518(9)–(10) because the contemplated disclosures would not take place in a "proceeding" for purposes of § 2518(9).

The publishers oppose extension of the sealing order. They insist that the first amendment requires unsealing of the documents unless a compelling governmental interest is shown requiring nondisclosure. The publishers assert that no compelling governmental interest exists requiring extension of the sealing order. They agree with the government that Title III does not restrict disclosure of the documents, and contend that even if it did, the statutory restraint would not override the constitutional right of public access. The publishers acknowledge that privacy rights may sometimes outweigh the first amendment right of access. They assert, however, that the public's interest in access is significant in this case. They argue that the Does' generalized concerns about reputations and privacy are inadequate to overcome these first amendment interests. The publishers also argue that it is unlikely that any testimony would be altered, or evidence destroyed, by disclosure of the documents at this time. They note that the government has had over eight months to conduct its investigation since the documents were sealed and that the case has received significant publicity through the media. The publishers believe disclosure of all the documents is now constitutionally required.

The first amendment right of public access extends to the documents sealed in this matter. This court held in its August 17, 1988 Memorandum Opinion and Order that search warrants and related documents may be sealed only if the restriction is necessary to serve a compelling governmental interest and is narrowly tailored to serve that interest. This conclusion is supported by the Eighth Circuit's opinion in a related case, *In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn*, 855 F.2d 569, 573–74 (8th Cir. 1988) (first amendment right of public access extends to documents filed in support of search warrant applications).

The government's ongoing investigation may constitute a compelling interest in sealing portions of the documents. The court has recognized this interest in its orders establishing, maintaining, and extending the sealing period. The court has emphasized that the need for secrecy would diminish as time passed and public knowledge of the nature of the investigation increased. The government has recognized this fact and respected it by notifying the court as its need for sealing portions of the documents has ceased. The court has unsealed material as the public's right of access has overcome the governmental interest.

The court has carefully reviewed all the circumstances, the sealed record, the parties' memoranda to the court, and accompanying materials. After this review and consideration, the court finds that the government has raised compelling reasons why portions of the record should remain sealed until April 14, 1989. It has shown that public disclosure of these portions of the record would significantly compromise its ongoing investigation.

The court need not determine whether Title III prohibits, or whether Fed.R. Crim.P. 41(g) requires, public disclosure of the search warrant documents. These statutes, by themselves, can not overcome the constitutional right of access asserted by the publishers or the constitutional right of privacy asserted by the Does. *See In re New York Times Co.*, 828 F.2d 110, 115 (2d Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988). Rather, the special privacy concerns surrounding Title III materials, *see In re Kansas City Star*, 666 F.2d 1168, 1175 (8th Cir.1981), and the heightened public interest in access to search warrant affidavits, *see In re Search Warrant for Second Floor Bedroom*, 489 F.Supp. 207, 209 (D.R.I.1980), enter into the balance of the constitutionally protected interests of privacy and public access. *In re New York Times Co.*, 828 F.2d at 115–16.

■ Privacy interests may be compelling enough to overcome the public's first amendment interests in disclosure. *See,*

*e.g., United States v. Gerena,* 869 F.2d 82, 85 (2d Cir.1989) (sealing of briefs and memoranda with Title III materials may be required); *United States v. Smith,* 776 F.2d 1104, 1112–15 (3d Cir.1985) (sealing of list of unindicted co-conspirators required). Where privacy interests in wiretapped conversations are asserted, the court must consider how disclosure of the information would affect the persons identified and society's interests in disclosure. A number of factors enter into this analysis, including the extent of public knowledge of the material, the accusatorial nature of the material, and the need for public scrutiny of the government operations disclosed in the material. *See In re New York Times Co.,* 828 F.2d at 116; *United States v. Hubbard,* 650 F.2d 293, 322–24 (D.C.Cir.1980). The burden is on those opposing disclosure to show that the privacy interests outweigh the public's right of access. *Gerena,* at 86. Where redaction is required to protect privacy interests, it must be narrowly tailored to allow as much disclosure as is feasible.

█ Significant privacy concerns are implicated in the sealed materials. Several individuals are associated with serious criminal misconduct. Publication of the documents could inflict serious injury to their reputations and endanger their careers. While some of these people may be guilty of the alleged activities, others may be innocent. It is for this reason that the government is generally required to present evidence secretly to a grand jury and obtain an indictment before making criminal accusations. *See Smith,* 776 F.2d at 1113–14.

These privacy concerns do not apply fully to all the individuals identified in the sealed documents. Some are not implicated in any misbehavior. Others have already been indicted or pled guilty. In addition, the affidavit of Phyllis Sciacca, which is among the sealed documents in this matter, has recently been released to the public in another district. The parties identified therein no longer have significant privacy interests in the sealing of that document or other documents containing similar information. Finally, the three Unisys employees whose offices were searched have diminished privacy claims. This court recognized the public nature of the searches in its August 17, 1988 memorandum opinion and order.

The court has repeatedly emphasized the significant first amendment rights at stake in this matter. The public's interest in the defense contract and procurement system is great. Public knowledge of the procurement fraud is required for it to respond intelligently. Also, public access to search warrant documents is important as a check on the government's intrusion on privacy.

The court has carefully reviewed and considered the sealed documents and all of the submissions and arguments made to it. The court finds that the privacy rights of certain individuals implicated in the sealed documents are of a compelling nature adequate to overcome the first amendment rights of public access. The portions of the documents redacted to protect these individuals is very small, amounting to approximately twenty-five words. The first amendment requires disclosure of all the other material except where the government has shown a compelling interest in its ongoing investigation.[2]

### ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. The search warrants, affidavits, returns, petition for sealing, and related documents shall remain under seal until the close of business on May 12, 1989, except for the following which shall be unsealed and made available in the clerk's office after 9:00 a.m. on April 18, 1989:

---

**2.** To facilitate review of this decision in the event it is appealed, two methods of redaction are employed. Material redacted to protect the government's investigation is blanked out. Material redacted to protect privacy rights is blacked out. In addition, the court has drafted a Statement of Reasons and Specific Findings indicating why the privacy rights of certain individuals require continued nondisclosure of their identities; this will be filed under seal. *See, In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn,* 855 F.2d at 574.

a. original Applications and Affidavits for Search Warrant with attached Description of Premises, Description of Property, and Affidavit of Phyllis M. Sciacca for 3140 Neil Armstrong Blvd., 1305 Corporate Center Drive, and 3333 Pilot Knob Road, Eagan, Minnesota (exhibits A, B, and C);

b. original Search Warrants with attached Description of Premises and Description of Property for 1305 Corporate Center Drive and 3333 Pilot Knob Road, Eagan, Minnesota (exhibits D and E);

c. Search Warrant with attached Description of Premises and Description of Property for 3140 Neil Armstrong Blvd., with redactions (exhibit F);

d. receipts for property seized from 1305 Corporate Center Drive and 3333 Pilot Knob Road, Eagan, Minnesota, with redactions (exhibits G and H);

e. original petition for sealing order (exhibit I);

f. Affidavit of Joseph G.A. Glover, with redactions (exhibit J);

g. Affidavit of Joseph J. Aronica dated July 21, 1988, with redactions (exhibit K);

h. Affidavit of Joseph J. Aronica dated September 7, 1988, with redactions (exhibit L);

i. Affidavit of Joseph J. Aronica dated November 28, 1988, with redactions (exhibit M);

j. documents submitted by the government indicating that it no longer opposes unsealing of portions of exhibits A through M, with redactions (exhibit N).[3]

2. If the government wishes to extend the sealing order beyond May 12, 1989, it must serve notice of its intention on Cowles Media Company, Northwest Publications, Inc., and Does 1, 2, 3, and 4 on or before April 28, 1989.

3. The following documents which have not been under seal are made part of the record.

a. original June 16, 1988 Sealing Order (exhibit O);

b. original minutes of July 15, 1989 conference (exhibit P);

c. original minutes of July 22, 1989 conference (exhibit Q).

4. The clerk shall seal the court's Statement of Reasons and Specific Findings before filing it; that document shall not be opened without further court order.

---

3. The government mistakenly submitted some documents which were not exact duplicates of the documents to which they intended to refer. Copies of the Description of Premises and the face sheet of the Search Warrant for 1305 Corporate Center Drive mistakenly describe *"13505 Corporate Center Drive."* A copy of the Description of Premises for 3333 Pilot Knob Road includes the office of an additional individual. Originals of these documents are released, except where redactions were required.