In the Matter of the search of UP NORTH PLASTICS, INC., 9480 Jamaica Avenue South, Cottage Grove, Minnesota.

No. 3–95–MG–301.

United States District Court,
D. Minnesota,
Third Division.

April 5, 1996.

Willard S. Smith, Philadelphia, PA, for the government.

Stephen L. Urbanczyk, Washington, DC, for Up North Plastics, Inc.

## ORDER

NOEL, Chief United States Magistrate Judge.

THIS MATTER was before the undersigned United States Magistrate Judge on the 11th of January, 1996 for a hearing on the government's motion to extend the sealing of the search warrant application, affidavit, and accompanying pleadings and sealing order, and on Up North Plastics, Inc.'s (Up North's) motion to unseal the search warrant application, affidavit, and accompanying pleadings and sealing order. The case requires the court to consider the seldom-litigated question of whether a person whose property has been seized pursuant to a search warrant has a Fourth Amendment constitutional right to examine the affidavit upon which the warrant was issued; if so, under what circumstances, if any, the court can delay the exercise of that right. The court concludes that the person from whom evidence has been seized pursuant to a search warrant does have a Fourth Amendment right to examine the affidavit upon which the warrant was issued, and that the court can delay the exercise of that right only upon a showing of a compelling governmental interest that cannot be accommodated by some means less restrictive than sealing the court's records.

## I. BACKGROUND FACTS

On October 24, 1995, this court signed a search warrant for Up North Plastics, Inc., 9480 Jamaica Avenue South, Cottage Grove, Minnesota. Case No. 3–95–MG–301. The application for a warrant was supported by an affidavit, with exhibits, to establish probable cause. Along with the warrant application, the government moved for an order sealing the warrant, the application and affidavit for search warrant, and all other accompanying pleadings and docket papers (hereinafter, "the File"). This court granted the government's motion, and sealed the File for a period of 60 days. The sealing order was set to expire on December 23, 1995. The warrant was returned and filed on October 27, 1995.

A grand jury was convened and is investigating antitrust allegations. Decl. of Willard Smith at para. 3. The government filed a motion on December 19, 1995 to extend the sealing order for an additional nine months. The government claims that the affidavit reveals in detail the "existence, nature, scope, and direction of the ongoing grand jury investigation" as well as existence and importance of a cooperating witness. *Id.* at para. 5. The government states that disclosure of the affidavit might expose the witnesses to "harassment or intimidation" and might cause others to tailor their testimony. *Id.*

On December 19, 1995, this court ordered the file remain sealed until this court held a hearing on the government's motion to seal the File for an additional nine months. This court also ordered the government's memorandum in support of continued sealing and

the attached declaration of Willard Smith be served on Up North, and invited memoranda on the issue to be heard. On December 22, 1995, this court denied a request by the government to reconsider its order.

The government and Up North both submitted memoranda. The government submitted two memoranda, one served on Up North and one submitted *in camera.*

A hearing was held on January 11, 1996. At the conclusion of the hearing, this court took the matter under advisement and ordered the file remain sealed until it issued a written order.

## II. ISSUES PRESENTED

Two issues are presented by the government's motion to continue the sealing the file for an additional nine months:

1. Whether a person whose property is seized pursuant to a search warrant has a constitutional right to examine the affidavit upon which the warrant was issued; and

2. If such a constitutional right exists, under what circumstances, if any, may a court deny or delay such examination?

These issues are addressed below.

## III. CONCLUSIONS OF LAW

Once a search warrant has been executed, it is returned to the federal magistrate judge designated in the warrant. Fed.R.Crim.P. 41(c)(1). Upon its return, the magistrate judge attaches all papers connected with the warrant and "file[s] them with the clerk of the district court". Fed.R.Crim.P. 41(g). Such records, like most court records, are generally available to the public for inspection and copying.

■ The Supreme Court has recognized a First Amendment and common law right of public access to court proceedings and records. *See, e.g., Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986); *Nixon v. Warner Communications,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Public access to judicial proceedings and records is essential to the proper functioning of the criminal justice system, *Press–Enterprise, supra,* at 12, 106 S.Ct. at 2742, and serves other important purposes.[1] The right of access to sealed search warrant affidavits is usually litigated by news gathering organizations, whose motions to unseal search warrants or the supporting documents are the subject of most published opinions addressing the issue. *See, e.g., id.; In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn, McDonnell Douglas Corp.,* 855 F.2d 569 (8th Cir.1988) (hereinafter *Gunn I* ); *In Re Search Warrant for Second Floor Bedroom,* 489 F.Supp. 207 (D.R.I.1980).

■ The right of public access, however, is not absolute, and the Supreme Court has recognized the supervisory power of every court over its own records and files. *Nixon, supra,* at 597–98, 98 S.Ct. at 1311–12.

[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.

Other courts have recognized that this power, under some circumstances, permits courts to seal records pertaining to search warrants. *In the Matter of the Sealed Affidavit(s) to Search Warrants Executed on February 14, 1979,* 600 F.2d 1256, 1257 (9th Cir.1979). The power to seal court records is necessarily limited by the Constitution and the laws of the United States. *Id.*

The Eighth Circuit has established a First Amendment right of access for documents filed in support of search warrant applications. *Gunn I, supra.* In *Gunn I,* agents executed more than forty search warrants on June 14, 1988, as part of an investigation of defense contractors. The warrant for Gunn's office, the attached affidavits, and all other materials were sealed. A local newspaper filed a motion to unseal the file. The government, Gunn, and the defense contractor who employed Gunn all opposed unsealing the file. The trial court denied the motion to

---

1. For example, public access to judicial proceedings promotes respect for the justice system and acts as a watchdog over judicial proceedings.

*Press–Enterprise, supra,* at 12, 106 S.Ct. at 2742; *Nixon, supra,* at 598, 98 S.Ct. at 1312.

unseal and continued the sealing order for 30 days. On review by the Eighth Circuit, the court found a First Amendment right of public access which extends to documents filed in support of search warrant applications. However, that right is qualified where "specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to that interest.'" *Id.* at 574 (citations omitted). The party seeking closure must show a compelling government interest. If the district court decides to seal the documents, it must explain, giving specifics, why the sealing was necessary and why less restrictive alternatives are not appropriate.

In *Gunn I*, the appeals court found that the district court properly sealed the records because a compelling government interest—the ongoing investigation—was shown. The documents in support of the warrant disclosed details of the investigation and information obtained from confidential informants. The court found line by line redaction not practical.

■ Individuals who have not been indicted in a criminal investigation, but are implicated in criminal activity in a search warrant affidavit, may have a privacy interest in the affidavit. *Certain Interested Individuals, John Does I–V, Who are Employees of McDonnell Douglas Corp. v. Pulitzer Publishing Co.*, 895 F.2d 460, 467 (8th Cir.1990) (hereinafter *Gunn II* ), *cert. denied,* 498 U.S. 880, 111 S.Ct. 214, 112 L.Ed.2d 173 (1990); *In the Matter of Search Warrants Issued on June 11, 1988, for the Premises of Three Buildings at Unisys, Inc.*, 710 F.Supp. 701, 704–05 (D.Minn.1989) (hereinafter *Unisys* ). In both *Gunn II* and *Unisys,* the parties' conversations had been intercepted by a Title III wiretap,[2] and the privacy claim stemmed from the restrictions of Title III on revealing the contents of a wiretap. However, both courts made clear that Title III simply embodied a constitutional right to privacy. *Gunn II,* 895 F.2d at 464; *Unisys,* 710 F.Supp. at 704. That privacy right must be weighed against competing rights of access which demand disclosure of the information.

*Gunn II,* 895 F.2d at 466; *Unisys,* 710 F.Supp. at 704. "The burden is on those opposing disclosure to show that the privacy interests outweigh the public's right of access." *Gunn II,* 895 F.2d at 467 (quoting *Unisys,* 710 F.Supp. at 705).

None of these cases answer the precise question at issue here, which is, not whether the public or press has a right of access, but whether the person whose property is seized has a right of access under the Fourth Amendment to the affidavit in support of the search warrant.

■ This court concludes that a person whose property has been seized pursuant to a search warrant has a right under the warrant clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued. This court's opinion is consistent with the view expressed by the Federal District Court for the Southern District of Ohio in *In re Search Warrants Issued August 29, 1994,* 889 F.Supp. 296, 298–99, 301 (S.D.Ohio 1995). There the court held that the right to be free from unreasonable searches and seizures includes the right to review documents in support of an application for a search warrant. *Id.* at 299, 301. The court there also observed that the First Amendment cases brought by news media seeking access to search warrant records were not precisely in point. Nevertheless, borrowing from the First Amendment analysis, the court concluded that search warrant records could be sealed, even from the person from whom property was seized, upon a showing that "a compelling governmental interest requires that the materials be kept under seal, and that there is no less restrictive means such as redaction available." *Id.* at 299, 301–02. More than a conclusory allegation about the need to protect a continuing investigation is necessary to meet the government's burden of showing compelling need. *Id.* at 299–300.

■ The Ohio Court's reasoning is persuasive. The Fourth Amendment requirement of probable cause is meaningless without some way for targets of the search to chal-

2. 18 U.S.C. sec. 2510 *et seq.* (governing the interception and disclosure of wire transmissions and the use of the communications made by those transmissions).

lenge the lawfulness of that search. Where the government asserts a need to seal the information from the eyes of the person whose property was searched, it must make a specific showing of compelling need and must establish that there is no less restrictive alternative to sealing the records.

This court's conclusion is also supported by the terms of Federal Rule of Criminal Procedure 41(e). That Rule provides a procedure by which victims of unlawful searches may seek redress. Under Rule 41(e), a party aggrieved by an unlawful search and seizure may move for the return of the property.[3] Fed.R.Crim.P. 41(e). If such a motion is made the Rule provides that the court shall receive evidence on any issue of fact necessary to decide the motion. In such cases, the court's decision will almost always depend upon whether the affidavit submitted in support of the warrant application established probable cause to believe that evidence of a crime would be found in the place to be searched. At a hearing to determine whether the movant may obtain the return of his property, the government must establish that there was probable cause. The aggrieved person may also present evidence.

The affidavit must be seen to be effectively challenged. A person whose property is seized pursuant to a search warrant, cannot decide whether he/she should make a motion under Rule 41 unless they know the basis upon which the search warrant was issued. To permit an affidavit or any documents in support of a search warrant to remain sealed against examination by the person whose property was searched deprives him of the right secured by Rule 41 to challenge that search. There is nothing in Rule 41 to suggest that such evidence is intended to be taken in secret or without a full opportunity

for the aggrieved person to argue that probable cause was lacking.

██ The right of a person whose property was seized to examine the affidavit upon which the warrant was issued is not absolute. As the Ohio Federal District Court recognized, the standard adopted in the First Amendment context in the *Gunn* cases may be applied as well in a Fourth Amendment context. *See In Re Search Warrants Issued August 29, 1994, supra* at 301–302. Ordinarily, a person whose property is seized pursuant to a search warrant should be able to examine the affidavit upon which the warrant was issued so he can decide whether to make a motion under Rule 41(e). If, however, the government can make a showing of a compelling need to keep the contents of the affidavit secret for some reasonable period of time, then the person's right to examine the affidavit must yield.

██ More than a conclusory allegation of an ongoing investigation is required, however. The government must make a specific factual showing of how its investigation will be compromised by the release of the affidavit to the person whose property was seized. The factors considered by the court in *Shea* may be relevant: (1) the government's interest in secrecy to protect an ongoing investigation; (2) whether a *prima facie* showing of probable cause has been made; (3) whether the movant may reassert the claim, should the government's delay become unreasonable; and (4) the movant's entitlement to lawful possession of the items. *Shea v. Gabriel,* 520 F.2d 879 (1st Cir.1975). The time period to continue the sealing must be both reasonable and definite.

██ Up North argues that the government has not shown a compelling interest in keeping the file under seal, and that extend-

---

**3.** In *Shea v. Gabriel,* 520 F.2d 879 (1st Cir.1975), the court considered a motion for return of property under Rule 41(e). The person whose property was seized asked for return of his property, for suppression of the evidence, and for the court to unseal the search warrant and supporting documents. The trial court examined the affidavit *in camera,* and denied the motion in its entirety.

The appeals court affirmed. The court held it had no jurisdiction over the motion insofar as it

was to suppress evidence, because it was not a final, appealable decision. It considered the motion solely as one for return of property. The court concluded that where property was seized pursuant to a search warrant, and no criminal charges had yet been brought, the government's interest in the secrecy of the ongoing criminal investigation outweighed the right of the person whose property was seized to the return of the property.

ing the seal on all documents for an additional nine months cannot be narrowly tailored to serve any compelling interests that might exist. Up North asserts that the FBI agents who executed the search warrant gave details about the investigation to Up North's general manager. One of the agents read from a document which Up North contends was either the affidavit in support of the search warrant or a summary of the affidavit. The agents also showed 8–10 cassette tapes, and represented that they contained recordings between Up North's general manager and a consenting party. These revelations were made, Up North contends, in order to induce the general manager into cooperating with the government. When the search had been completed, the agents served a grand jury subpoena for documents. At the same time, search warrants were executed on two other companies which apparently related to silage bags.

Up North identified the person it believes to be the cooperating witness in this case. It argues that the details the government now wishes to keep under seal were revealed by the FBI agents who executed the search warrant. In addition, the news that FBI agents conducted searches which shut down two silage bag operations has circulated throughout the small silage bag industry. To the extent that any witnesses might tailor their testimony, those persons have already done so. Finally, Up North contends that, unlike the violent or drug-related crime conspiracy investigations, the government's investigation in this matter simply doesn't involve a serious threat to any likely witnesses, either by way of harassment, threats, or intimidation.

Up North also argues that the government's reference to the secrecy of grand jury proceedings is also without merit. Here, the search warrants were issued independent of the grand jury process, and the government has given no specifics on what information refers or relates to grand jury proceedings.

The government here has claimed a compelling need for secrecy because disclosure would harm an investigation into criminal activities. A grand jury has been convened and is investigating the charges. The government has asserted that potential witnesses may alter their testimony, cooperating witnesses may be harassed or intimidated, and the scope and focus of the grand jury investigation would be revealed to the targets of that investigation.

This court finds that the government has failed to make a specific showing of compelling need for an extension of the sealing order. The government's claim of a compelling need to keep the court's records secret amounts to nothing more than conclusory allegations which would require the sealing of search warrants in nearly every criminal investigation.

The grand jury's investigation in this matter has continued beyond the date the search warrant was executed. The same will be true in nearly every criminal case in which search warrants are issued. Although the government contends that witnesses might somehow tailor their grand jury testimony if the contents of the search warrant affidavit was revealed, the court is unpersuaded that this speculative fear requires the extraordinary measure of sealing the court's records for a period of nine months.

Based upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. The government's motion to continue sealing the search warrant, application, the affidavit, and all other accompanying pleadings and docket papers is hereby DENIED. The court's order from the bench that the records remain sealed until the court ruled upon the motion is hereby vacated.