**In re SEARCH WARRANT FOR 2934 ANDERSON MORRIS ROAD NILES, OHIO 44406.**

No. 4:98M6042.

United States District Court,
N.D. Ohio,
Eastern Division.

May 4, 1999.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the Notice of Appeal (Dkt. No. 17) of Jantz and Sheila Clinkscale (collectively referred to as "the Clinkscales"). They seek review of the Magistrate Judge's Order denying their FED.R.CRIM.P. 41(e) motion to unseal the affidavit in support of the warrant which authorized the search of their house, and for the return of property which was seized from their home.[1] For the following reasons, the Clinkscales' appeal is **DISMISSED.**

### FACTS

On August 3, 1998 an Application and Affidavit was presented to Magistrate Judge James D. Thomas by a federal law enforcement agent. Magistrate Judge Thomas ordered that the search warrant affidavit be placed under seal.

On August 4, 1998, the search warrant was directed and executed at the residence of the Clinkscales at 2934 Anderson–Morris Road in Niles, Ohio. The following were among the items seized pursuant to the warrant: financial records, jewelry, and a black-zippered travel bag which contained approximately $321,380.00 in U.S. currency. Additionally, two vehicles at the premises were seized when quantities of marijuana, packaged for distribution, were discovered therein.

On February 26, 1999, the Clinkscales filed their aforementioned motion for the return of property seized under the warrant and to unseal the search warrant affidavit. Specifically, they sought the return of the financial records and jewelry.[2]

---

1. This appeal is limited to the issue of whether the Magistrate Judge lawfully refused to unseal the affidavit. (Clinkscales Appeal Memorandum at 2.)

2. Their motion did not request the return of the seized cash, noting that two weeks prior thereto, another individual had filed a FED.

The United States opposed their motion, asserting that (1) Magistrate Judge Thomas had already found probable cause to support all seizures under the warrant; (2) the government's continued possession of the property was reasonable; and (3) that sealing of the search warrant affidavit was appropriate. The United States further asserted that unsealing the affidavit would violate FED.R.CRIM.P. 6(e), identify unnamed and uncharged subjects, identify cooperating witnesses, could compromise and influence the cooperation of present and potential witnesses, and could enable subjects of the investigation to alter, remove, withhold or create records. (United States' Response to Motion to Unseal at p. 4).

On March 16, 1999, Magistrate Judge Thomas held a hearing on the Clinkscales' motion. On March 23, 1999, Magistrate Judge Thomas issued an Order denying the Clinkscales' motion. This appeal followed.

## ANALYSIS

█ Generally, a person whose property has been seized pursuant to a search warrant has a right under the Warrant Clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued. *In re Search Warrants Issued August 29, 1994,* 889 F.Supp. 296 (S.D.Ohio 1995). However, this right is not absolute. *See, e.g., In the Matter of EyeCare Physicians of America,* 100 F.3d 514 (7th Cir.1996). If the government can demonstrate a compelling need to keep the contents of the affidavit secret for some reasonable period of time, then the person's right to examine the affidavit must yield. *In the Matter of the Search of Up North Plastics, Inc.,* 940 F.Supp. 229, 232 (D.Minn.1996).

The Clinkscales premise their appeal on *Up North Plastics,* and argue that the following four factors must be considered

when determining whether to unseal a search warrant affidavit:

1) The government's interest in secrecy to protect an ongoing investigation;
2) Whether a prima facie showing of probable cause has been made;
3) Whether the movant may reassert the claim, should the government's delay become unreasonable; and
4) The movant's entitlement to lawful possession of the items.

*Id.* at 233 (*citing, Shea v. Gabriel,* 520 F.2d 879 (1st Cir.1975)).

The *Up North Plastics* court expressly held that the government's "conclusory allegations" that the unsealing of the affidavit would compromise an investigation were inadequate to keep an affidavit under seal for a prolonged period of time. 940 F.Supp. at 234.

As this case is still in the pre-indictment phase, there exists a question as to whether the Clinkscales even have a right to review the affidavit upon which the warrant was issued. Courts are split on the issue of whether the Warrant Clause of the Fourth Amendment grants a right of access to sealed affidavits in support of a search warrant prior to indictment. The Seventh Circuit, in *EyeCare Physicians,* held that "no provision within the Fourth Amendment grants a fundamental right of access to sealed search warrant affidavits *before an indictment.*" 100 F.3d at 517 (emphasis added); *See also, In the Matter of the Search of Flower Aviation of Kansas, Inc.,* 789 F.Supp. 366 (D.Kan.1992) (movant not entitled to unseal affidavits for search warrants as criminal investigation was ongoing, the identity of various persons mentioned in affidavits had to be kept confidential to protect privacy interests, and particularly because indictment had not yet been issued). On the other hand, in *Search Warrants Issued August 29, 1994,* the Ohio district court held that a movant has the right to examine an affidavit that supports a warrant after the search has been conducted and a return

R.CRIM.P. 41(e) motion for the return of ap-

proximately $277,000.00 of the seized cash.

has been filed with the Clerk of Court. 889 F.Supp. at 299.

■ Assuming *arguendo* that the Clinkscales do indeed have a Fourth Amendment right to inspect the search warrant affidavit, their motion still fails under an *Up North Plastics* analysis. In his Order, Magistrate Judge Thomas determined that the affidavit should remain sealed. He based this determination on his findings that "the government's interest in secrecy is necessary to protect the ongoing investigation ... there has been a prima facie showing of probable cause in the execution of the search warrant in the first instance ... [and] there is no limitation on the [Clinkscales] seeking for recovery of property should the government delay any further." (Magistrate's Order at 8–9). With respect to the last *Up North Plastics* factor, the Magistrate Judge opined that the Clinkscales need only examine the search warrant and the inventory listing of warrant items seized to determine whether they are entitled to lawful possession of any of the seized items. (Magistrate's Order at 9, footnote 2).

Upon consideration of the sealed affidavit, the affidavit of Special Agent Gary L. Gruver, the motions of the parties, and the evidence in the record, the Court finds that the sensitive nature of the information contained in the affidavit, the compelling governmental interest in protecting the ongoing investigation, and the privacy interests of those named in the affidavit, all weigh in favor of maintaining the affidavit under seal. Moreover, no less restrictive means are available as even redactions would not protect the identities of various individuals due to the context in which they are mentioned. Accordingly, the Clinkscales' appeal of the Magistrate Judge's Order denying their motion to unseal the search warrant affidavit is **DISMISSED.**

**IT IS SO ORDERED.**