**In re SEARCH WARRANTS ISSUED AUGUST 29, 1994.**

**No. MS–2–95–9.**

United States District Court,
S.D. Ohio,
Eastern Division.

Feb. 28, 1995.

Memorandum Denying Reconsideration
July 5, 1995.

David F. Axelrod, Kevin G. Matthews, Vorys, Sater, Seymour and Pease, Columbus, OH, Harry R. Reinhart, Columbus, OH, John J. McDermott, O'Connor, Hannan, Washington, DC, for movants.

Edmond A. Sargus, Atty. Gen., Randall E. Yontz, Asst. Atty. Gen., Columbus, OH, for Government.

### MEMORANDUM AND ORDER

HOLSCHUH, Chief Judge.

This matter is before the Court on the January 17, 1995 objections of Afshein, Inc., Elham Abrishami, Mohsen Abrishami, Parvi Denesjhoo, and Pavi Danesjhoo (hereinafter collectively "movants") to the January 6, 1995 order of the Magistrate Judge which refused to unseal certain search warrant materials and quashed certain subpoenas. For reasons set forth below, the Court concludes that the subpoenas were properly quashed, but that the search warrant materials are being improperly kept under seal.

### I.

On August 29, 1994, Peter Decensi, Special Agent of the United States Customs Service, applied for, and received from the magistrate judge, a search warrant to search the office of Afshein, Inc. located at 271 Monsarrat Drive, Dublin, Ohio. The Monsarrat Drive address is also the residence of Mohsen and Elham Abrishami, who are husband and wife. Afshein, Inc. was incorporated in 1991 and engages in the export business. Until it was suspended in September 1994 by the Department of Commerce, Afshein held a valid license to export certain electronic equipment to Iran.

Upon the government's motion, the search warrant and supporting affidavit were sealed by the magistrate judge who issued the warrant. Pursuant to the warrant, a search of Afshein's office (and the Abrishami residence) was conducted on August 31, 1994.[1] According to the inventory filed by Special Agent Decensi, various business records of Afshein and computer equipment were seized during the search. Copies of the business records have been provided by the government to Afshein.

On October 24, 1994, movants filed a motion to unseal and for an expedited hearing seeking an order to unseal all search warrant papers relating to the searches of 271 Monsarrat Drive, Dublin, Ohio and 1691 Ladera Trail, Dayton, Ohio.[2] In anticipation of the hearing to be held on their motion, movants served subpoenas upon Special Agent Decensi, Senior Special Agent Nedra Darnell of Customs Service and Linda Powers–Oldenbuttal, an Export Administration Specialist in the Department of Commerce. On December 12, and December 13, 1994 the United States moved to quash these subpoenas. Oral argument was heard before the magistrate judge on December 13, 1994.

On January 6, 1995 the magistrate judge issued an order which granted the government's motion to quash subpoenas issued to Special Agent Donnell and Ms. Powers–Oldenbuttal.[3] The January 6 order also denied

---

1. Also on August 31, 1994 a search warrant was executed for the Dayton, Ohio residence of Parvi and Pavi Denesjhoo under similar circumstances. That search, however, is not the subject of the pending objections.

2. As noted above, *see* page 297 n. 1, the search in Dayton is not the subject of the challenge raised herein.

3. There is no indication of the disposition of the subpoena issued to Special Agent Decensi. It

movant's motion to unseal, relying principally on *Baltimore Sun v. Goetz,* 886 F.2d 60 (4th Cir.1989) and *Times Mirror Co. v. United States,* 873 F.2d 1210 (9th Cir.1989). The magistrate judge concluded, after reviewing the affidavit in support of the search warrant, that the government's interest in continuing its criminal investigation required that the affidavit remain sealed.

Movants timely filed objections to the January 6 order on January 17, 1995. The government filed a memorandum contra on January 26, 1995. Movants filed a reply memorandum on February 2, 1995.

## II.

Both the Magistrates Act and the Federal Rules of Civil Procedure provide for reconsideration of an order issued by a magistrate judge by a district judge. 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a); *see also* Eastern Division Order No. 93–1, pt. E., 5. The proper procedure for obtaining review is set forth in Rule 72(a), which provides, in relevant part:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

■ Review under Rule 72(a) provides "considerable deference to the determinations of magistrates." 7 *Moore's Federal Practice* ¶ 72.03 [7.–3]. A finding is clearly erroneous only when the reviewing court is left with a definite and firm conviction that a mistake has been committed. *Heights Community Congress v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir.1985), *cert. denied,* 475 U.S. 1019, 106 S.Ct. 1206, 89 L.Ed.2d 318 (1986); *Shivers v. Grubbs,* 747 F.Supp. 434 (S.D.Ohio 1990).

appears, however, that no evidentiary hearing

## III.

The Fourth Amendment to the Constitution of the United States provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The bulwark of the Fourth Amendment protection is the Warrant Clause, requiring that, absent certain carefully delineated exceptions, police obtain a warrant from a neutral and detached magistrate before embarking upon a search and that no warrant shall issue but upon probable cause, supported by oath or affirmation. This case presents the question of whether the documents which were relied upon to establish probable cause for the issuance of a search warrant must be disclosed to the person whose residence was the subject of a search, after the search has been completed.

The cases relied upon by the magistrate judge, and the parties, however, present a different question—one the Court finds is not directly on point. Cases such as *Baltimore Sun* and *Times Mirror* deal with the alleged right of the media or the public to access sealed search warrant documents. For example, in *Times Mirror* the media (two newspapers and a television station) sought "search warrant materials associated with Operation Illwind, a nationwide FBI investigation of corruption and fraud in the procurement of military weapons systems." 873 F.2d at 1211. The media claimed they were entitled to access based on the First Amendment, the common law, and Fed.R.Crim.P. 41(g). *Id.* The Court of Appeals for the Ninth Circuit rejected each of the arguments advanced by the media and held that there is no right of access by the media to sealed search warrant materials prior to an indictment being returned by the grand jury. *Id.* at 1221. The Court of Appeals for the Fourth Circuit in *Baltimore Sun* reached a

was in fact held before the magistrate judge.

similar result. 886 F.2d at 64–65. The Court of Appeals for the Eighth Circuit, however, has acknowledged a qualified right of access by the media based on First Amendment grounds, but found, under the facts before it that the government had demonstrated a compelling interest, an on-going criminal investigation, in maintaining the documents under seal. *In re Search Warrant for Secretarial Area,* 855 F.2d 569, 574 (8th Cir.1988).

In this case, movants argue that they are entitled to see the affidavit underlying the search warrant because the government has failed to articulate a compelling reason to maintain the seal under the First Amendment or the common law. The government, on the other hand, asserts that the January 6 order correctly states the applicable law and that the magistrate judge reached the proper decision under the facts of this case. In the Court's view the parties and the magistrate judge failed to address the dispositive issue presented in this case.

■ For the reasons set forth below, the Court finds that the cases dealing with the alleged right of the media or the public to access sealed warrant documents do not control the outcome of this case. This case does not involve any right of the media or the public to see sealed search warrant documents under the First Amendment or the common law. Instead, this case involves the right of the person whose home has been searched to see the documents which were used to obtain the search warrant and directly involves his rights under the Fourth Amendment. This distinction is clearly shown by the fact that courts, in denying any First Amendment right of public access, have considered that the privacy interest of the person whose home has been searched would be jeopardized if the public had access to the records. *See, e.g., Times Mirror,* 873 F.2d at 1218. Here, it is that very interest that is being asserted by movants—the right to privacy of their home free from searches conducted without a warrant supported by probable cause.

■ The Court believes that the Fourth Amendment right to be free of unreasonable searches and seizures includes the right to examine the affidavit that supports a warrant after the search has been conducted and a return has been filed with the Clerk of Court pursuant to Fed.R.Crim.P. 41. It is not, however, an unqualified right. As is true with other constitutional rights it may be overridden when it is shown that precluding access is "essential to preserve higher values and is narrowly tailored to serve that interest." *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984). Thus, the right of access may be denied only where the government shows (1) that a compelling governmental interest requires the materials be kept under seal and (2) there is no less restrictive means, such as redaction, available. Clearly, the fact that there is an on-going criminal investigation could provide a compelling governmental interest. *Cf. Baltimore Sun,* 886 F.2d at 64. Other examples of compelling governmental interests which might, in an appropriate case, justify the extraordinary act of sealing warrant materials after the underlying search has been conducted include the presence of information in a supporting affidavit gleaned from a court ordered wire-tap that has yet to be terminated, or information that could reveal the identity of confidential informants whose lives would be endangered. Sealing may be appropriate under such circumstances if redaction is not feasible.

■ In this case, however, the magistrate judge simply found that "revealing the United States Custom Service's knowledge and sources of information could well jeopardize the service's continuing criminal investigation. Further, there is no practical way to redact the affidavit." January 6 Order at 4. The Court disagrees. The Court's review of the affidavit reveals the following: that this is not an investigation in the preliminary stages, but rather the investigation of movants has been underway for almost three years—since March 1992; that the investigation in this district is not a part of some broader investigation involving other participants in other districts (*compare, Times Mirror,* "a nationwide FBI investigation of corruption and fraud in the procurement of military weapons systems," 873 F.2d at 1211,

and *In re Search Warrant for Secretarial Area*, "a nationwide investigation conducted by the Federal Bureau of Investigation and the Naval Investigation Service of alleged fraud and bribery in the Department of Defense and in the defense industry," 855 F.2d at 570); that there are no wiretaps that have not been terminated; that there are no informants whose lives would be endangered;[4] and that there are no other compelling government interests that would overcome movants' right to inspect the affidavit which was the foundation for the warrant used to search their residence and place of business. In short, the Court finds that the government has failed to demonstrate a legitimate basis upon which to maintain these materials under seal some six months after the search.

Movants' motion to enforce subpoenas issued to Nedra Darnell and Linda Powers–Oldenbuttal is **DENIED.** The magistrate judge correctly determined that these persons are not within the subpoena power of this Court. Fed.R.Civ.P. 45.

For the reasons set out above, the Court holds that movants' objections related to the sealing of the search warrant materials are well-taken. Accordingly, movants' motion to unseal is **GRANTED.** The Clerk of Court is **DIRECTED** to unseal all search warrant materials in case number MS–2–95–09. This order, however, is stayed for ten days to permit the government to submit to the Court, *in camera*, a redacted version of the August 29, 1994 affidavit of Special Agent Decensi if the government believes in good faith that the identity of any confidential informant may be compromised.

**IT IS SO ORDERED.**

### *MEMORANDUM AND ORDER ON RECONSIDERATION*

This matter is before the Court on the March 9, 1995 motion of the United States for reconsideration of this Court's February 28, 1995 memorandum and order granting the motion of Afshein, Inc., Elham and Mohsen Arishami, and Parvi and Pari Danesjhoo ("movants") to unseal materials submitted in

support of a search warrant issued August 29, 1994. The search warrant was executed upon movants' residence, which is also their place of business, on August 30, 1994. The government's motion also seeks a stay pending a possible appeal. Movants filed a memorandum in opposition on March 13, 1995. The government has not filed a reply memorandum.

On August 29, 1994, Peter Decensi, Special Agent of the United States Customs Service, applied for, and received from the magistrate judge, a search warrant to search the office of Afshein, Inc. located at 271 Monsarrat Drive, Dublin, Ohio. The Monsarrat Drive address is also the residence of Mohsen and Elham Abrishami, who are husband and wife. Until it was suspended in September 1994 by the Department of Commerce, Afshein, Inc. held a valid license to export certain electronic equipment to Iran.

On October 24, 1994, movants filed a motion to unseal all search warrant papers relating to the search of their residence and business premises. Following oral argument, the magistrate judge denied movant's motion to unseal, relying principally on *Baltimore Sun v. Goetz*, 886 F.2d 60 (4th Cir.1989) and *Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir.1989). The magistrate judge concluded, after reviewing the affidavit in support of the search warrant, that the government's interest in continuing its criminal investigation required that the affidavit remain sealed. The magistrate judge further concluded that redaction of the affidavit was not possible.

Movants timely filed objections to the order issued by the magistrate judge. This Court, in an order dated February 28, 1995, sustained movants' objections and ordered the materials underlying the search warrant unsealed. The order was stayed for a period of ten days, however, to allow the "government to submit to the Court, *in camera*, a redacted version of the August 29, 1994 affidavit of Special Agent Decensi if the government believes in good faith that the identity

---

4. To the extent that any informants are identified, their names and identifying information may be easily redacted.

of any confidential informant may be compromised." Prior to the expiration of the stay, the government filed its motion for reconsideration.

The government's principal objection to the February 28 order is that unsealing the search warrant would allegedly comprise an ongoing criminal investigation prior to indictment. "The government submits that such compromise of an ongoing investigation is a valid reason, not fully explained to the Court before, for reconsidering the order to unseal." Government's Memorandum in Support at 1. In support of its argument, the government submitted, *in camera*,[1] a second affidavit from Special Agent Decensi which identifies some specific paragraphs of the forty-three paragraph original affidavit in which the identities of confidential informants or investigative techniques would be revealed if the affidavit is unsealed. The affidavit, however, in no way suggests that the safety of the individuals who provided information to the government will be placed in jeopardy. Nor does the government respond to the movants' statement in their brief that the identities of some of the individuals are already known to movants.

The government further asserts that because the Fourth Amendment does not require the subjects of a search be notified of the search itself, citing *Dalia v. United States,* 441 U.S. 238, 248, 99 S.Ct. 1682, 1688, 60 L.Ed.2d 177 (1979), and *United States v. Pangburn,* 983 F.2d 449, 453 (2d Cir.1993), there is no constitutional requirement that the materials underlying a search warrant be disclosed. These cases, however, are inapplicable to the matter now under consideration. They deal generally with the question of whether the Fourth Amendment requires that notice of the search warrant be given to the person whose premises are being searched, a question that can arise when law enforcement officers are authorized to covertly install judicially authorized electronic eavesdropping equipment, as in *Dalia.* Although Rule 41 of the Federal Rules of Criminal Procedure does require notice of the

execution of a search warrant, no such requirement is found in the Fourth Amendment. *Pangburn.* The present case, however, does not involve any question of the right of a citizen to be notified that a search warrant has been issued. Indeed, it appears that movants were so advised and that the requirements of Rule 41 were met. This case involves an entirely different issue; whether, once the search has been executed, the person whose premises were searched has a right to see the affidavit which formed the basis for the Fourth Amendment's mandate that "no warrants shall issue, but upon probable cause, supported by oath or affirmation."

It remains the view of this Court that if citizens are guaranteed by the Fourth Amendment the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," it is inherently a part of that right that they be allowed to know whether the Fourth Amendment's mandate of probable cause, supported by oath or affirmation, has been satisfied. While it is not an unqualified right, it is nevertheless a right which should be carefully preserved.

In the February 28 order, this Court found that "the Fourth Amendment right to be free of unreasonable searches and seizures includes the right to examine the affidavit that supports a warrant after the search has been conducted and a return has been filed with the Court pursuant to Fed.R.Crim.P. 41." Memorandum and Order at 299. This Court recognized, however, that the right of access was qualified and, borrowing from First Amendment jurisprudence, observed that the right of access "may be overridden when it is shown that precluding access is 'essential to preserve higher values and is narrowly tailored to serve that interest.' *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 510 [104 S.Ct. 819, 824, 78 L.Ed.2d 629] (1984). Thus, the right of access may be denied where the government shows (1) that a compelling governmental interest requires that the materials be kept under seal and (2)

---

1. Movants take some umbrage with the government's practice of filing its papers under seal. The Court has taken into account that movants

cannot respond to factual assertions of which they are not aware.

there is no less restrictive means, such as redaction, available." *Id.* at 299.

The government, in its motion for reconsideration, addresses its argument to only the first prong of the test set forth above. However, the affidavit of Special Agent Decensi reveals that redaction of the original affidavit is feasible and would meet the government's concerns regarding any ongoing criminal investigation. After reviewing the record in this case, including the two affidavits of Special Agent Decensi, the Court concludes that the government has failed to articulate a sufficient basis to maintain the subject materials in their entirety under seal. Accordingly, the Court reaffirms its February 28, 1995 order and **DENIES** the motion of the United States for reconsideration.

The government has further moved, in the event its motion for reconsideration is denied, for a stay of the order directing the unsealing of the search warrant materials for ten (10) days "to allow for a possible appeal." This aspect of the government's motion is **GRANTED.** The government is hereby ordered to provide a redacted version of Special Agent Decensi's August 29, 1994 affidavit to the movants *or* file its notice of appeal within ten (10) days of the date of this order. If the government chooses to provide the affidavit to the movants, any such redaction must be limited to the identity of confidential informants and investigative procedures that are still being employed by the government as a part of a continuing investigation. The Court further directs that the government submit a copy of the redacted affidavit to the Court. If the government chooses to appeal the Court's February 28, 1995 order and this order denying the government's motion for reconsideration and files its notice of appeal within ten (10) days of the date of this order, the orders of this Court will be stayed pending the appeal.

**IT IS SO ORDERED.**