1998 OK CR 56

**George SLOAN, Petitioner,**

v.

**The Honorable Dennis SPROUSE, Special Judge for Sequoyah County, 15th Judicial District, Respondent.**

**No. O 98–0880.**

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1998.

---

**ORDER REMANDING MATTER TO THE DISTRICT COURT OF SEQUOYAH COUNTY FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW**

¶1 On July 31, 1998, Petitioner, by and through counsel, filed an application for a writ of mandamus directing the District Court of Sequoyah County, Case No. CV–98–469, to rescind its order of July 22, 1998, sealing the Affidavit for Search Warrant. On July 27, 1998, Petitioner filed a petition for a writ of mandamus in the District Court which was denied in an order filed August 3, 1998.

¶2 Petitioner contends that every day he is denied the Affidavit for Search Warrant his ability to defend himself diminishes, as

the burden rests with the accused to prove the invalidity of a search. *See Pierce v. State,* 1972 OK CR 82, ¶ 6, 495 P.2d 407, 409. Petitioner argues that Section 1224.2 of Title 22 requires the filing of the affidavit after the search warrant is executed and that there are no provisions for the "sealing" of an affidavit for search warrant.

¶ 3 Petitioner states that he was incarcerated, and "presumably", evidence which caused his incarceration was cited in the affidavit for search warrant, that he was booked into the county jail on charges of conspiracy and possession of CDS and was required to make a $50,000.00 bond; that he appeared twice before the Magistrate, on July 21 and July 28, 1998, for the purpose of being formally arraigned on these charges; and that on the second occasion he was advised the State did not have the charges prepared and he was released from bond "with the caveat by the Assistant District Attorney that charges were forthcoming".

¶ 4 The District Court denied Petitioner access to the Affidavit finding "it is within the inherent power of the District Court to limit access to judicial records and documents" when "there is a likelihood that disclosure of the information will jeopardize an ongoing investigation by law enforcement, or that cooperating individuals may be targeted for reprisal by those being investigated". In this matter the Honorable John C. Garrett, District Judge, found "[t]here is an on-going investigation by law enforcement that would be jeopardized by public disclosure of the Affidavit of Search Warrant" and that "[t]he identities of cooperating individuals will be revealed, which may result in the cooperating individuals being targeted for reprisal or retaliation". The District Court also noted that Petitioner has not been charged by Information with a criminal offense in the District Court. The order of the District Court cites no legal authority for "sealing" the search warrant affidavit.

¶ 5 In an Order issued August 7, 1998, we directed the District Attorney for Sequoyah County to file a response to Petitioner's application, specifically addressing the District Court's legal authority for "sealing" the search warrant affidavit and denial of disclosure of the Affidavit to Petitioner. The response was filed in this Court August 18, 1998.

¶ 6 The State sets forth that the Affidavit contains certain information about assets that may have been derived from illegal drug activity, information about individuals who had cooperated with law enforcement, and that information had been received concerning the safety of cooperating individuals. On July 22, 1998, a Special Agent with the United States Department of Justice, Drug Enforcement Administration, appeared before the Honorable Dennis M. Sprouse, Special Judge, to make the search warrant return. The Agent was sworn under oath and the Search Warrant return was made to the court, along with the supporting Affidavit of Search Warrant.

¶ 7 An Assistant District Attorney then requested Judge Sprouse to entertain an *ex parte* hearing on an Application for Sealed Affidavit of Search Warrant. It was argued that since the District Court had authority under 22 O.S.1990, § 1233, to accept the police officer's return of the search warrant, then the court would also have authority to hear the Application for Sealed Affidavit of Search Warrant. A written Application for Sealed Affidavit of Search Warrant was given to Judge Sprouse. Upon review of the Application for Sealed Affidavit of Search Warrant, Judge Sprouse determined that the Affidavit of search warrant should be sealed. Since the Application for Sealed Affidavit of Search Warrant contained facts from the Affidavit of Search Warrant, the court also determined that the application should be sealed. However, ·Judge Sprouse determined that the search warrant and accompanying return should be filed and made a public record along with the Order Sealing Affidavit for Search Warrant. In accordance with the Magistrate's order, the same was filed under Sequoyah County District Court Case No. SW–98–22.

¶ 8 The State argues that the courts, as an exercise of their inherent power, may control access to their own files and records, or any portion thereof, to protect the identity of witnesses and/or the integrity of an ongoing investigation. The State also asserts

that to allow the publication of this information would seriously endanger the welfare and safety of cooperating individuals and hinder the efforts of law enforcement agencies in their investigation.

¶ 9 On August 25, 1998, Petitioner filed a request for permission to file a reply to the State's response and attached the tendered reply.[1]

¶ 10 For a writ of mandamus, Petitioner has the burden of establishing that (1) he has a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion; and (3) the adequacy of mandamus and the inadequacy of other relief. Rule 10.6(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (1997).

¶ 11 Art. 2, § 30, of the Oklahoma Constitution guarantees:

> The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized.

¶ 12 The Oklahoma statutory requirements for a search warrant can be found at 22 O.S.1991, § 1221, *et seq.* The North Dakota statutes served as a model for Oklahoma's search and seizure provisions. *See* Comp.Laws Dak.1887, §§ 7613 *et seq.* However, neither the statutes of North Dakota nor Oklahoma provided for the release of affidavits when filed.

¶ 13 In 1971 the Oklahoma Legislature enacted Section 1224.2 of Title 22 which directs:

> In the event the search warrant is executed, then the search warrant, affidavit for search warrant, and transcript of oral testimony, if any, shall be filed with the clerk of the District Court, and shall be indexed by the clerk in alphabetical order. Upon a criminal prosecution being filed, said document shall be filed in said case.

This language indicates a presumption of openness and accessibility.

¶ 14 North Dakota's legislature enacted a new statute in 1995 relating to this issue. *See* Sec. 29–29–22 of the North Dakota Century Code. This Section requires:

> The magistrate who issues a search warrant shall order the information in the complaint and warrant confidential, if the law enforcement officer articulates a reason for the confidentiality that convinces the issuing magistrate that limited confidentiality is necessary for the safety of the law enforcement officer or to enable the warrant to be properly served. The magistrate shall limit the duration of the order to the time of the arrest of the accused and shall exempt law enforcement officers in the performance of official duties.

While this North Dakota statute has not been adopted in Oklahoma and does not serve as an interpretation for our statutes, it does provide a point of reference for analysis of the issue presented.

¶ 15 The federal courts of various circuits have addressed this issue in the context of the Warrant Clause of the Fourth Amendment to the Constitution of the United States and have found that the Fourth Amendment right to be free from unreasonable searches and seizures includes the right to examine the warrant after the search is conducted and the warrant has been returned to the clerk and filed.[2] However, it does not appear that the United States Supreme Court has addressed this issue; therefore, we are not presented with cases of binding judicial precedence which must be followed.

---

1. Petitioner's motion is herewith **GRANTED.**

2. *In re Search Warrants Issued August 29, 1994,* 889 F.Supp. 296 (S.D.Ohio 1995); *Matter of Up North Plastics, Inc.,* 940 F.Supp. 229 (D.Minn. 1996). *But see, Matter of Eyecare Physicians of America,* 100 F.3d 514, 517 (7th Cir.1996)(No provision within the Fourth Amendment grants a fundamental right of access to sealed search warrant affidavits before an indictment). However, Fed.R.Crim.P. 41(g) provides an administrative framework for the exercise of the common law right of access.

¶ 16 This Court has repeatedly held that Art. 2, § 30, of the Oklahoma Constitution is "almost an exact copy of the fourth amendment of the Constitution of the United States" and that while "the language is not in all respects the same in the two provisions; ... the substance is identical". *De Graff v. State*, 2 Okla.Crim. 519, 103 P. 538, 541 (Ok.Cr.1909). *See also Langham v. State*, 787 P.2d 1279, 1281 (Ok.Cr.1990) (Parks, J., concurring in result); *Long v. State*, 706 P.2d 915, 916–917 (Ok.Cr.1985). In addition, the Fourteenth Amendment to the United States Constitution provides "... nor shall any state deprive any person of life, liberty, or property without due process of law ..." which protection is also set out in Art. 2, § 7, of the Oklahoma Constitution.

¶ 17 When these statutory and constitutional provisions are read in context, we are reminded that the foundational aspect of due process is a requirement of notice and opportunity to be heard.

¶ 18 The Oklahoma legislature has not created a procedure akin to that of North Dakota for the courts to have guidance as to when and for what duration affidavits supporting issuance of a search warrant can be sealed. For that reason, we must apply these constitutional principles to the issue presented to the Court in this case. It goes without saying that a constitutional right is a plain legal right. In this particular case, therefore, Petitioner has a clear legal right for a determination of this issue—a determination of whether this record may be sealed and if so, what limitations should be placed on the extent of the time during which the record may remain sealed.

 ¶ 19 We agree with the analysis set forth in *In re Search Warrants Issued August 29, 1994*, 889 F.Supp. 296 (S.D.Ohio 1995), that the Fourth Amendment right to be free of unreasonable searches and seizures includes the right to examine the affidavit that supports a warrant after the search has been conducted and a return has

been filed with the Clerk of the District Court. We also agree that this right may be overridden when it is shown that "precluding access is 'essential to preserve higher values and is narrowly tailored to serve that interest'." *Id.* at 299, citing *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984).

¶ 20 However, in Oklahoma, we have the additional language set forth in Section 1225(A) of Title 22:

> If a magistrate be thereupon satisfied of the existence of grounds of the application, or that there is probable cause to believe their existence, he must issue a search warrant, signed by him, with his name of office, to a peace officer of this state, commanding him forthwith to search the person or place named, for the property specified, and to bring it before the magistrate, **and also to arrest the person** in whose possession the same may be found, to be dealt with according to law. (emphasis added)

 ¶ 21 Therefore, we find in matters such as this one, where the search warrant has been issued, executed and filed in the District Court, but the party has not been charged[3] and the affidavit has been sealed, that the district judge may, in the exercise of his/her discretion, balance the presumption of openness against the State's need to keep information confidential which might jeopardize an ongoing criminal investigation. However, the right of access to an affidavit may be denied only where a showing is made (1) that a compelling State interest requires the materials be kept under seal, (2) there is no less restrictive means, such as redaction, available, and (3) the court sets reasonable time limitations on the period the affidavit is to be sealed.

 ¶ 22 The procedure which shall be utilized in meeting due process requirements shall be as follows:

> Therefore, it appears that we have substantial compliance with the requirements of Section 1225(A) of Title 22 which mandates the arrest of any person from whom property was seized.

---

3. From the record that is before this Court, it appears Petitioner was taken into custody and bond was set, but we cannot determine whether charges were filed and later dismissed or if bond was exonerated for failure to file charges.

1. At the time a motion to seal the affidavit is filed, the court may grant a temporary order to seal the affidavit pending a hearing and shall set a date for the hearing on the motion and require notice to be served on the person whose property has been seized;

2. That person shall have the right to be present at the hearing and to be represented by counsel;

3. At the hearing the State shall have the burden of presenting clear and convincing evidence as to the factors set forth above. The person whose property has been seized shall have the right to cross-examine and present evidence as it relates to the above factors regarding the issue of whether the affidavit may be sealed; and

4. If the court determines the State has met its burden of proof and the affidavit is ordered sealed, the court shall then determine the amount of time the affidavit shall be sealed. That date shall be included in the court's order, together with a date by which the State must file any further motions requesting the extension of time the affidavit will be sealed. This will allow for notice and further hearing prior to the date of expiration of the original order sealing the affidavit.

¶ 23 If the issuing judge considers the relevant factors together with the potential alternatives, and sets out sufficient findings in the written order, the decision will not be overturned absent an abuse of discretion. In addition, the issuing judge is required to file a transcript in the District Court of the *in camera* proceeding, the sealing order, and written findings of fact and conclusions of law immediately after the decision to seal is made.

¶ 24 Therefore, we are **REMANDING** this matter to the District Court of Sequoyah County for a hearing and additional findings of fact and conclusions of law to be made. Since the parties have agreed that once charges are filed the records would be "unsealed", the findings shall set out whether

any subsequent arrest has been made and whether the record remains sealed, whether a compelling State interest requires that the materials be kept under seal, and whether there is any less restrictive means, such as redaction, available. The findings of fact and conclusions of law shall be filed in this Court on or before twenty (20) days from the date of this Order.

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ James F. Lane—Dissents
JAMES F. LANE, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

LANE, J., dissents.

¶ 1 I dissent for two reasons. First, I believe that the Oklahoma Open Records Act[1] applies. Our statutes require that once a search warrant is executed the affidavit for search warrant and the transcript of oral testimony, if taken, must be filed with the court clerk.[2] Section 24A.3 (2) includes courts in the definition of public bodies covered by the act. This makes the documents a part of the public record, and § 24A.5 makes them open to any person for inspection and copying, etc. According to the terms of the act, the only exceptions are records that are statutorily exempted. I find no statutory exemption for affidavits for search warrants. In my opinion, I think that it would take an act of the legislature to permit a court to seal such records.

¶ 2 The majority uses North Dakota law, the state after which we modeled our search warrant law, to show that they have provided a method whereby the issuing documents may be sealed. Rather than find this a possible precedent or model for our decision, I find it interesting to see that North Dakota found it necessary to authorize the sealing

---

1. 51 O.S.Supp.1997, § 24A.1 *et seq.*

2. 22 O.S.1991, § 1224.2

through legislation instead of judicial decision. It should be further noted that the sealing shall apply only to the time between issuance of the warrant and the time the accused is arrested. Today, we are greatly exceeding this time limit.

¶3 The second reason I dissent is that I think the Petitioner is being denied due process. "Due process of law includes several procedural guarantees, among which is the opportunity to present evidence to the trial tribunal."[3] Our search warrant statutes require that if the grounds for the issuance of the warrant are controverted the magistrate must take testimony, and if it appears that there is no probable cause for believing the existence of the grounds on which the warrant was issued the magistrate must return the property.[4] By denying the Petitioner the right to examine the sealed materials, we are denying him statutorily granted due process.

¶4 I would find that the Petitioner should be given access to the materials or have the seized property restored to him immediately.

---

**3.** *Crussel v. Kirk*, 1995 Okl. 41 ¶16, 894 P.2d 1116, 1121.

**4.** 22 O.S.1991, § 1235 and 22 O.S.1991 § 1237.