**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4231

JOHN EDWARD OLIVER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-304)

Submitted: January 31, 2000

Decided: March 9, 2000

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. David Whaley, Anthony G. Spencer, MORCHOWER, LUXTON
& WHALEY, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, N. George Metcalf, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John Edward Oliver appeals his convictions and sentence for three counts of possession of a firearm by a convicted felon, possession of a firearm with a silencer, possession of a sawed-off shotgun, possession of explosives by a convicted felon, and possession of an unregistered firearm. Finding no reversible error, we affirm.

Prior to committing these offenses, Oliver had been convicted in the Commonwealth of Virginia of a crime punishable by a term of imprisonment exceeding one year. He was therefore prohibited from receiving or possessing firearms. Oliver acknowledged that he knew and understood the prohibitions against his receipt and possession of firearms. At trial, the Government presented evidence that Oliver possessed large quantities of firearms, including rifles, shotguns, pistols, ammunition, explosives, and a Claymore mine.

Oliver raises six issues on appeal: (1) whether the district court abused its discretion in denying his motion for a mistrial; (2) whether the district court abused its discretion in denying Oliver's motion to unseal the search warrant affidavit; (3) whether the district court erred in treating Oliver's simultaneous possession of firearms, ammunition, explosives, and a silencer as separate counts; (4) whether the district court erred in separately considering Oliver's possession of unregistered firearms and his possession of those firearms as a convicted felon; (5) whether the district court erred in convicting Oliver of possession of a silencer in violation of 26 U.S.C.§§ 5861 & 5871 (1994), where there was no evidence that the silencer moved in interstate commerce; and (6) whether the district court erred in imposing an enhanced penalty pursuant to 18 U.S.C.A. § 924(e)(1) (West Supp. 1999).

The decision to grant or deny a motion for a mistrial is committed to the sound discretion of the district court and will not be disturbed on appeal absent a clear abuse of discretion. See United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995). Before granting a motion for a mistrial, the district court should consider whether there are less drastic alternatives that will eliminate the prejudice. See United States

v. Hayden, 85 F.3d 153, 157 (4th Cir. 1996); United States v. Smith, 44 F.3d 1259, 1268 (4th Cir. 1995). We find that the district court properly chose a less drastic option by instructing the jury to disregard the Assistant United States Attorney's question and the witness's response referring to the Oklahoma City bombing. Accordingly, the district court did not abuse its discretion in denying Oliver's motion for a mistrial.

We also find that the district court did not abuse its discretion in denying Oliver's motion to unseal the search warrant affidavit. After conducting an in camera review, the district court ordered the Government to provide Oliver with a redacted version of the affidavit, concluding that release of the full affidavit would jeopardize the Government's ongoing investigation and place the lives of important witnesses in danger.

Although a defendant is entitled under the Fourth Amendment to examine the affidavit that supports a warrant after the search has been conducted, this right is not absolute. It may be overridden "when it is shown that precluding access is `essential to preserve higher values and is narrowly tailored to serve that interest.'" In re Search Warrants Issued Aug. 29, 1994, 889 F. Supp. 296, 299 (S.D. Ohio 1995) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984)); see also In re the Search of Up N. Plastics, Inc. , 940 F. Supp. 229, 232 (D. Minn. 1996). The right of access may be denied only where the Government demonstrates "(1) that a compelling governmental interest requires the materials be kept under seal and (2) there is no less restrictive means, such as redaction, available." In re Search Warrants, 889 F. Supp. at 299. Because the district court properly found that a compelling interest required that the original affidavit be kept under seal, we find no abuse of discretion in its decision to provide only a redacted version to Oliver.

Oliver argues that this Court's decision in United States v. Dunford, 148 F.3d 385, 388-90 (4th Cir. 1998), stands for the proposition that his possession of numerous weapons at different locations and at different times should be treated as one merged count for sentencing purposes. However, while simultaneous possession of multiple firearms that are seized at the same time from a defendant's home constitutes only one act of possession, separate firearm possession

3

offenses exist if the firearms were acquired, stored, or possessed at different times and places. See Dunford, 148 F.3d at 390; United States v. Mullins, 698 F.2d 686, 687 (4th Cir. 1983). Because the record is replete with evidence that Oliver acquired and stored the firearms in question at different times and places, we find that the district court did not err in treating his simultaneous possession of the weapons as separate counts.

Oliver also contends that he cannot, as a convicted felon, comply with the registration requirements of the National Firearms Registration and Transfer Record. He argues that separately considering his possession of unregistered firearms and his possession of those firearms as a convicted felon for sentencing purposes violates his right to due process. In United States v. Jones, 976 F.2d 176, 183 (4th Cir. 1992), this court held that 18 U.S.C.A. § 922(o) (West Supp. 1999), which prohibits the possession of machine guns, and 26 U.S.C. § 5861(d) (1994), which provides for mandatory registration of machine guns, are not irreconcilable statutes. We reasoned that Jones could have complied with both statutes by simply refusing to deal in machine guns. Similarly, Oliver could have complied with both statutes by declining to possess firearms. Accordingly, we find that the district court did not err in considering these statutes separately for sentencing purposes.

Oliver argues that the Government did not present evidence of an interstate nexus with regard to the charge of possession of a silencer in violation of 26 U.S.C. §§ 5861(c) & 5871 (1994). Because there is no requirement that the weapon traveled in interstate commerce under this statute, his claim lacks merit. See United States v. Tous, 461 F.2d 656, 657 (9th Cir. 1972). The statute is silent about commerce and has been held to be a valid exercise of the power of Congress to tax. See United States v. Hall, 171 F.3d 1133, 1142 (8th Cir. 1999) (distinguishing United States v. Lopez, 514 U.S. 549 (1995)).

Finally, Oliver contends that the district court erred in imposing an enhanced sentence pursuant to 18 U.S.C.A. § 924(e)(1) (West Supp. 1999) because the Government failed to give him pretrial notice regarding the application of the Armed Career Criminal Act ("ACCA"). This argument is unavailing in light of this court's decision in United States v. O'Neal, 180 F.3d 115, 125-26 (4th Cir. 1999),

4

cert. denied, ___ U.S. ___, 68 U.S.L.W. 3291 (U.S. Nov. 1, 1999) (No. 99-6367), in which we specifically held that pretrial notice of the applicability of the ACCA is not required and that a listing of the convictions in the presentence report is more than adequate. We therefore find that the district court did not err in imposing an enhanced penalty pursuant to the ACCA.

Accordingly, we affirm Oliver's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED