**In re SEARCH WARRANTS ISSUED ON APRIL 26, 2004**

**No. 04–1603SKG.**

United States District Court,
D. Maryland,
Northern Division.

Dec. 23, 2004.

David J. Cynamon, Shaw Pittman LLP, Washington, DC, June Elizabeth Cohan, Lawrence J. Gotts, Shaw Pittman LLP, McLean, VA, for Plaintiff.

Bryan D. Bolton, Funk and Bolton PA, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

BENNETT, District Judge.

On April 26, 2004, three search warrants were issued by United States Magistrate Judge Susan K. Gauvey and executed by government agents on three Maryland offices of a healthcare provider (the "Property Owner"). While an inventory of the property seized was provided to the Property Owner, the court granted the government's motion to seal the affidavit supporting the search warrants. On May 14, 2004, the Property Owner moved to unseal that affidavit asserting a constitutional right, pursuant to the Fourth Amendment to the U.S. Constitution, to review the affidavit and determine the basis of the government search. The government opposed that motion. After briefing by the parties and a hearing, Magistrate Judge Gauvey, in a sealed September 10, 2004 Order, granted the motion to unseal the affidavit and ordered the government to provide a redacted version of the affidavit to the Property Owner. The government has appealed the Magistrate Judge's Order, contending that the Property Owner has no constitutional right to review an affidavit in support of a search warrant. The government further contends that the release of even the redacted affidavit would likely compromise its ongoing investigation and adversely impact potential witnesses.

Both parties have briefed the issue on appeal and this Court entertained argument by both parties at a sealed hearing on November 3, 2004. For the reasons that follow, this Court holds that rights guaranteed by the Fourth Amendment include the right to examine the affidavit in support of a search warrant once the search has been executed, absent a demonstration by the government to the court that there are compelling governmental interests in keeping the affidavit under

seal. Accordingly, this Court affirms Magistrate Judge Gauvey's sealed September 10, 2004 Order and orders that the affidavit, as redacted, be immediately released to the Property Owner.

## I. *Standard of Review*

The Federal Magistrates Act, 28 U.S.C. § 631, *et seq.*, and the Federal Rules of Civil Procedure specifically provide for the district judge's review of an order issued by a magistrate judge. Rule 72 provides for the District Court's review and requires parties objecting to a magistrate judge's order to file their exceptions within 10 days of being served with a copy of the order. Fed.R.Civ.P. 72(a). In addition, Rule 72 provides that, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.; see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Local Rule 301.5 (D.Md.2004) (same). Applying this standard, the United States Court of Appeals for the Fourth Circuit has recognized that "[t]he factual findings of a magistrate are entitled to the same deference upon review as those of the trial court under the clearly erroneous standard." *Gairola v. Com. of Va. Dept. of General Services,* 753 F.2d 1281, 1288 (4th Cir. 1985).

## II. *Discussion*

The government's exception to Magistrate Judge Gauvey's order is three-fold. First, it contends that the court erroneously recognized that the Fourth Amendment confers a pre-indictment right to examine a search warrant affidavit upon the owner of the property searched. In conjunction with this position, the government further argues that the court's reliance on Rule 41(g) of the Federal Rules of Criminal Procedure was erroneous. Second, the government asserts error with respect to the court's finding that it failed to demonstrate its "compelling interest" in maintaining the seal of the affidavit. Third, it contends that Magistrate Judge Gauvey's redactions are insufficient to protect the privacy interests of confidential witnesses and the integrity of the government's ongoing investigation.

### A. *Fourth Amendment Right to Examine Search Warrant Affidavit*

■ In a case arising out of this district, the United States Court of Appeals for the Fourth Circuit held in *Baltimore Sun Co. v. Goetz,* 886 F.2d 60 (4th Cir.1989), that "the press does not have a right of access to an affidavit for a search warrant." *Id.* at 64–65. The court noted a split of authority on the question of the media's First Amendment right of access. *Id.* at 64 (citing *Times Mirror Co. v. U.S.,* 873 F.2d 1210, 1213–19, *amended on rehearing,* (9th Cir.1989) (no right of access) *with In re Search Warrant for Secretarial Area,* 855 F.2d 569, 572–75 (8th Cir.1988) (right of access)). However, the Fourth Circuit did note that there is a "common law qualified right of access to the warrant papers ... committed to the sound discretion of the judicial officer who issued the warrant." *Goetz,* 886 F.2d at 65 (*citing Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598–599, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). In vacating the judgment of this Court sustaining a magistrate judge's sealing of a search warrant affidavit, the Fourth Circuit established the process to be followed in addressing the matter of sealing the search warrant affidavit. *See Goetz,* 886 F.2d at 65–66. Magistrate Judge Gauvey carefully followed the procedures set forth by the Fourth Circuit in *Goetz.*

In this case, Magistrate Judge Gauvey held that "there is a constitutional right under the Fourth Amendment to examine the affidavit in support of a search warrant after execution," "that the government, not the target, must demonstrate compelling government interests in keeping the affidavit under seal," and that the government must demonstrate that "no less restrictive means, such as redaction, is available" to prevent disclosure. *In re Search Warrants Issued on April 26, 2004*, No. 04–1603SKG, Mem. Op. at 7–8 (D.Md. September 10, 2004) ("Gauvey Op.") (quotations omitted).[1] In reaching this conclusion, the court relied primarily on the unpublished opinion of the Fourth Circuit in the case of *United States v. Oliver*, 208 F.3d 211, 2000 WL 263954 (4th Cir.2000). In that case, the court recognized a Fourth Amendment right to examine the search warrant affidavit, but noted that the right is not absolute. *Id.* at *2, 208 F.3d 211. The *Oliver* court held that the right to inspect may only be overridden where "the Government '(1) demonstrates that a compelling governmental interest requires materials to be kept under seal and (2) there is no less restrictive means, such as redaction, available.'" *Id.* (quoting *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. 296, 299 (S.D.Ohio 1995)). The government is correct to point out that the *Oliver*[2] case is not binding precedent pursuant to Local Rule 36(c) of the United States Court of Appeals for the Fourth Circuit. *See United States v. Ruhe*, 191 F.3d 376, 392 (4th Cir.1999) (holding that unpublished cases are not binding precedent); *Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir.1996) (same); 4th Cir. R. 36(c) ("Citation of this Court's unpublished dispositions in briefs and oral arguments in this Court and in the district courts within this Circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case"). Nonetheless, this Court finds the holding in *Oliver* persuasive in light of the language of the Fourth Amendment itself and numerous other authorities supporting the right of access. 2000 WL 263954, 208 F.3d 211.

The right of a private citizen under the Fourth Amendment can be no less than the rights afforded to the press under the First Amendment in *Goetz*. 886 F.2d 60. The common law right of access to a search warrant affidavit by a newspaper pales in comparison to the rights of a property owner subject to a search and seizure by government agents. As recognized by Justice Joseph Story in his learned commentary on the U.S. Constitution, the Fourth Amendment is "indispensable to the full enjoyment of the rights of personal security, personal liberty, and private property." Joseph Story, *Commentaries on the Constitution of the United States* 709 (Carolina Academic Press 1987) (1833). The very premise of the Fourth Amendment is the right of a citizen to challenge the intrusion of government authority into his home or workplace. The government's argument that the Fourth Circuit opinion in *Oliver*[3] is unpublished and therefore not binding precedent upon the Court belies the weakness of its position.

In addition to the Fourth Circuit's *Oliver*[4] opinion, several courts have recognized a Fourth Amendment right to access warrant materials. *See, e.g., In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. 296, 299 (S.D.Ohio 1995); *In re the Search of Up N. Plastics, Inc.*, 940

---

**1.** This Court has re-captioned this case to protect the identity of the property owner.

**2.** 208 F.3d 211, 2000 WL 263954.

**3.** 208 F.3d 211, 2000 WL 263954.

**4.** 208 F.3d 211, 2000 WL 263954.

F.Supp. 229, 232 (D.Minn.1996); *see also In the Matter of Searches of Semtex Industrial Corporation*, 876 F.Supp. 426 (E.D.N.Y.1995) (noting that, on business' motion to unseal warrant affidavit, materials may not be sealed indefinitely pending the government's decision to issue an indictment). More precisely, these courts held that the Fourth Amendment confers an independent pre-indictment right of access to search warrant materials on the search subject whose property is searched. *See generally Oliver*, 208 F.3d 211, 2000 WL 263954 at *3; *In re Search Warrants Issued on August 29, 1994*, 889 F.Supp. at 299; and *Search of Up N. Plastics*, 940 F.Supp. at 232. In all three cases, the courts recognized the Fourth Amendment right to access of the affidavit is not absolute and must be weighed against the government interest in nondisclosure. *See Oliver*, 208 F.3d 211, 2000 WL 263954 at *3; *In re Search Warrants Issued on August 29, 1994*, 889 F.Supp. at 299; and *Search of Up N. Plastics*, 940 F.Supp. at 232. However, this decision must ultimately rest with the court and not in the discretion of the government.

The government disputes the persuasiveness of *Oliver*[5] and the other opinions recognizing the Fourth Amendment right, relying on the case of *In re EyeCare Physicians of America*, 100 F.3d 514 (7th Cir. 1996). In that case, the United States Court of Appeals for the Seventh Circuit held that the Fourth Amendment confers no right of access to affidavits in support of search warrants. In so holding, the Court observed that "[t]he Warrant Clause of the Fourth Amendment circumscribes the *issuance* of warrants, but does not address access to the affidavits employed to support them." *Id.* at 517 (emphasis original). The *EyeCare* court also criticized the *In re Search Warrants Issued on August 29, 1994*,[6] opinion, on which the *Oliver*[7] opinion relied, as being "conclusory at best (with respect to the applicability of the Fourth Amendment) and conspicuous for its lack of analysis." *EyeCare*, 100 F.3d at 517. This Court does not find there to be a lack of analysis on this question.

■ The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S.C. Const. Amend. IV. By its plain words, the Amendment insulates the public from "unreasonable" intrusions and sets forth the specific requirement that search warrants be supported by probable cause. Implicit in that language is the public's right to challenge both the reasonableness of the search and the degree to which the warrant was supported by probable cause. Without the right of access to the affidavit on which the search warrant was based, the search subject could *never* make such a challenge. As stated by the learned Justice Harlan, "constitutional provisions for the security of person and property should be liberally construed." *Boyd v. United States*, 116 U.S. 616, 635, 6 S.Ct. 524, 29 L.Ed. 746 (1886). This is because "[a] close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it existed more in sound than in substance." *Id.*

The right of access is consistent with courts' interpretation of the purpose of the

5. 208 F.3d 211, 2000 WL 263954.

6. 889 F.Supp. 296.

7. 208 F.3d 211, 2000 WL 263954.

Fourth Amendment. In a preeminent Fourth Amendment case, Justice William R. Day stated the purpose of the amendment as follows:

> The effect of the 4th Amendment is to put the courts of the United States and Federal officials, in the exercise of their power and authority, under limitations and restraints as to the exercise of such power and authority, and to forever secure the people, their persons, houses, papers, and effects, against all unreasonable searches and seizures under the guise of law. This protection reaches all alike, whether accused of crime or not, and the duty of giving to it force and effect is obligatory upon all intrusted under our Federal system with the enforcement of the laws.

*Weeks v. United States*, 232 U.S. 383, 391, 34 S.Ct. 341, 58 L.Ed. 652 (1914), *overruled on other grounds by Mapp v. Ohio*, 367 U.S. 643, 655–56, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The United States Supreme Court has also recognized that the purpose of the Fourth Amendment warrant requirement "is to provide the search subject with sufficient information to reassure him of the entry's legality." *Michigan v. Tyler*, 436 U.S. 499, 508, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978).

Furthermore, much of the historical practice surrounding federal search warrants supports the search subject's right to inspect the search warrant affidavit. In the 1972 Amendments to Rule 41(c), the Advisory Committee for the Federal Rules of Criminal Procedure eliminated the "requirement that the warrant itself state the grounds for its issuance and the names of any affiants ... as unnecessary paper work." Fed R.Crim. P. 41(c) Advisory Committee's note to 1972 enactment. In its notes to the 1972 Amendments to Rule 41(c), the Advisory Committee observed that a "person who wishes to challenge the validity of a search warrant has access to the affidavits upon which the warrant was issued." *Id.* Neither the amendments nor the commentary suggest that the Advisory Committee intended to deny the search subject's right to discover the reason for the search.

The government's practice of routinely seeking to execute and seal search warrants is a recent phenomenon. Traditionally, the government reserved the search warrant for investigations of "dangerous activities" where the governmental interest in protecting the public and preserving evidence is strong. *See* David Horan, *Breaking the Seal on White–Collar Criminal Search Warrant Materials*, 28 Pepp. L.Rev. 317, 320 (2001) (quotation omitted). The government traditionally preferred to use grand jury subpoenas to obtain evidence in "white-collar" cases. *Id.* However, the government's use of the search warrant in white-collar investigations has increased dramatically within the past fifteen years. *Id.* Moreover, the sealing of search warrant materials has traditionally been considered "an extraordinary action" which was necessarily supported by a showing of "real harm." 3A Charles A. Wright, Nancy J. King & Susan R. Klein, *Federal Practice and Procedure Crim.* § 672 at 333 (3d ed.2004); *see also In re Search Warrant for Second Floor Bedroom*, 489 F.Supp. 207, 212 (D.R.I.1980) (describing the requirement that the government must demonstrate "real possibility of harm before the Court takes the *unusual step* of sealing a search warrant affidavit"). Within the past decade, however, sealing search warrant affidavits and materials has become a routine matter, and the government's required showing of harm has become dramatically less demanding. *See* Horan, 28 Pepp. L.Rev. at 324–25.

In addressing a media request for sealed search warrant affidavits, the Fourth Circuit recognized in *Goetz* a "qualified right

of access to the warrant papers ... committed to the sound discretion of the judicial officer who issued the warrant." 886 F.2d at 65. "The judicial officer may deny access when sealing is 'essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 65–66 (citing *Press–Enterprise Co. v. Superior Court of California,* 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)). Such a balancing test under the common law does not adequately address the interests of subjects of governmental searches. The common law right of access derives from the presumption of openness which the Supreme Court has ascribed to judicial proceedings and judicial records. *See, e.g. Nixon,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570; *Press–Enterprise Co.,* 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629. The public's interest in accessing court records and proceedings often runs counter to, and often must be balanced against, the interests of a criminal defendant (or the subject of a criminal investigation). *See Press–Enterprise,* 464 U.S. at 510, 104 S.Ct. 819 (balancing public's right to access trial proceedings *against* defendant's right to a fair trial). This is particularly true in cases such as the instant one. Here, the Proper Owner has a strong interest in *preventing* public disclosure. *See generally* Michael D. Johnson & Anne E. Gardner, *Access to Search Warrant Materials: Balancing Competing Interests Pre–Indictment,* 25 U. Ark. Little Rock L.Rev. 771, 778–79 (2003) (describing individuals' interests in protecting their reputations when subjected to a law enforcement search). However, the Property Owner has an abiding interest in challenging the reasonableness of the government's invasion of his property and/or his privacy. *Id.* This interest is simply not addressed by the common law right of access.

Finally, the government suggests that no Fourth Amendment right attaches to the subject of the search until that subject is indicted. The government dismisses the Property Owner's argument that Rule 41(g) of the Federal Rules of Criminal Procedure expressly provides him with a pre-indictment mechanism to challenge the reasonableness of the search.[8] Citing the 1989 Amendments to the Rule 41(e), the precursor to Rule 41(g), the government contends that the rule pertains only to the reasonableness of the government's decision to retain property, and therefore provides no pre-indictment right of inspection. Based on this, the government argues, subjects of governmental searches are only entitled to challenge the reasonableness of searches after indictment, at which time they can move to suppress evidence. Until that time, any right to inspect the search warrant affidavit would essentially be a right without a remedy.

The remedy proposed by the government would be essentially meaningless. The Fourth Amendment right to inspect is derived from the government's decision to intrude on the property and privacy rights of the individual. In this case, as in many like it, the search itself prompts suspicion and damages the reputation of the subject. While the government is free to lawfully exercise its power to execute search warrants, the persons against whom that awesome power is unleashed at least have the right to discover the basis for the exercise.

---

8. Rule 41(g) of the Federal Rules of Criminal Procedure provides:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

This is particularly true in cases such as this one, where the government has yet to name the Property Owner as the target of a criminal investigation, and where the government acknowledges that, due to the complexity of the issues, an indictment in the case may not be issued for a considerable period of time. A delay of several years is not uncommon in such investigations. *See* Horan, 28 Pepp. L.Rev. at 331.

■ Accordingly, this Court affirms Magistrate Judge Gauvey's recognition of a search subject's pre-indictment Fourth Amendment right to inspect the probable cause affidavit. Moreover, this Court recognizes that this right is limited, and adopts the test articulated by the Fourth Circuit in the unpublished *Oliver* opinion. 208 F.3d 211, 2000 WL 263954. The search subject's Fourth Amendment right to access of a search warrant affidavit is balanced against the government's right to oppose that access. In order to prevent a subject from inspecting the contents of a search affidavit, the government must demonstrate to the court that: 1) there is a compelling governmental interest requiring materials to be kept under seal, and 2) there is no less restrictive means, such as redaction, available. *Oliver*, 208 F.3d 211, 2000 WL 263954 *2 (quoting *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. 296, 299 (S.D.Ohio 1995)). Having determined that Magistrate Judge Gauvey applied the correct legal standard, this

Court now reviews Magistrate Judge Gauvey's application of that test to the facts of this case.

### B. *Government's Compelling Interest*

Preliminarily, Magistrate Judge Gauvey properly held that the government has the burden of establishing a compelling interest in keeping the affidavit supporting the search warrant sealed. To this end, the government has submitted two *ex parte* affidavits which state that unsealing the probable cause affidavit in this case would result in disclosure of the government's legal theories and results of its investigation; interfere with the investigation in that loyal employees and patients could be contacted and coached; discourage other witnesses from cooperating for fear of possible retaliation; have a detrimental effect on the well-being and business reputation of the complaining witnesses; and identify named potential subjects and targets.[9] These reasons, the government argues, provide a compelling government interest in keeping the affidavit sealed. The government also contends that the Magistrate Judge's redactions of the warrant affidavit do not adequately protect the government's investigatory interests.[10]

■ After considering the government's arguments, Magistrate Judge Gauvey found that the government failed to demonstrate a compelling interest. The court

---

9. The first affidavit was submitted by the the Special Agent with the Department of Health and Human Services responsible for conducting the investigation. That affidavit was submitted to Magistrate Judge Gauvey in support of the government's opposition to the motion to unseal. The second affidavit was submitted to this court by the Assistant United States Attorney assigned to the case. That Affidavit was not considered by Magistrate Judge Gauvey.

10. The government specifically asserts that much of the information contained within the

search warrant affidavit is protected by the "informer's privilege." However, Magistrate Judge Gauvey addressed that concern stating, "given the Court's decision on the effectiveness of redaction in this case, the target's likely suspicion if not knowledge of the identity of the complaining witnesses since the April search coupled with the absence of any hint of reprisal or retaliation, the concerns of the informer's privilege are satisfactorily addressed." (Gauvey Op. at 7 n. 4.) The government has provided no basis on which to challenge this well-reasoned conclusion.

noted that there is no suggestion that the informants listed in the affidavits are in any danger whatsoever. (Gauvey Op. at 10.) Moreover, the Magistrate Judge noted that, given the small size of the Property Owner's medical practice and of the community in which it is located, it is likely that he either knows or strongly suspects who the informers are. (*Id.*) Yet, there is no allegation that he has taken any adverse action toward them. (*Id.*) Furthermore, the court found that the government's general allegations of possible witness "coaching," the government's fears concerning discovery of their "novel" legal theories, and the concern over exposure of other potential targets, are all unfounded given the facts of this case. The government has failed to show that such findings of fact are clearly erroneous. This Court finds no basis upon which to disturb Magistrate Judge Gauvey's findings of fact. Based on the factual record now before this Court, the government has demonstrated no compelling interest for sealing the affidavit materials.

## C. *Magistrate Judge Gauvey's Redactions*

Alternatively, the Magistrate Judge held that, even if the government's interests were deemed to be compelling, the government would still have to demonstrate that no less restrictive means, such as redaction, are available. (Gauvey Op. at 15 (citing *Oliver*, 208 F.3d 211, 2000 WL 263954 at *2).) The court recognized that "redaction addresses both the interests of [the Property Owner] and the government...." (*Id.*) Magistrate Judge Gauvey ordered specific redactions after carefully weighing the competing interests of both parties. As the issuing judicial officer, the Magistrate Judge was fully aware of the facts that underlay that analysis. Although the government contends that this weighing is inadequate, the government has failed to show that these considered findings were "clearly erroneous." *See Gairola*, 753 F.2d at 1288. Accordingly, this Court will not disturb that Order.

## III. *Conclusion*

For the foregoing reasons, the United States Government's Motion to Reconsider United States Magistrate Judge Susan Gauvey's sealed September 10, 2004 Order is DENIED. That Order is AFFIRMED. A separate Order follows.

### *ORDER*

For the reasons stated in the foregoing Memorandum Opinion, it is this 23rd day of December 2004, HEREBY ORDERED:

1. That the government's Appeal from Order Unsealing Search Warrant Affidavit (Paper No. 17) is DENIED;

2. That the government must produce the redacted search warrant affidavit, pursuant to the September 10, 2004 Order of United States Magistrate Judge Susan Gauvey, within 10 days of this Order; and

3. That the Clerk of the Court transmit copies of this Order and accompanying Memorandum Opinion to counsel for the parties.